NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 18a0174n.06

No. 17-6111

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | **FILED** |
| | ) | Apr 03, 2018 |
| Plaintiff-Appellee, | ) | DEBORAH S. HUNT, Clerk |
| | ) | |
| v. | ) | ON APPEAL FROM THE |
| | ) | UNITED STATES DISTRICT |
| GREGORY CRAFT, | ) | COURT FOR THE WESTERN |
| | ) | DISTRICT OF TENNESSEE |
| Defendant-Appellant. | ) | |
| | ) | |
| | ) | |

Before: MOORE, CLAY, and KETHLEDGE, Circuit Judges.

KETHLEDGE, Circuit Judge. Gregory Craft argues that the government lacked sufficient evidence to convict him of being a felon in possession of a firearm. *See* 18 U.S.C. § 922(g)(1). We reject his arguments and affirm.

In October 2016, Craft and Zachary Hallmon were standing in line at a convenience store when Craft pulled out a gun and told Hallmon to hand over his cash. Hallmon gave Craft some money, then Craft waved his gun toward the door and told Hallmon to leave. Craft soon followed Hallmon into the parking lot and fired a bullet into the air.

Two days later, police officers arrested Craft. During questioning, he said he had brought a gun into the store, and that officers could find it under a couch at his uncle's house. Craft signed a written statement reciting those same facts. A detective obtained a warrant to search Craft's uncle's house and found a loaded Tanfoglio Model E15 .22 caliber revolver and some ammunition under a couch.

The government thereafter charged Craft with being a felon in possession of a firearm, namely, the Tanfoglio revolver. After a three-day trial, the jury convicted Craft of that charge. The district court later sentenced him to 120 months' imprisonment. This appeal followed.

Craft challenges the sufficiency of the evidence supporting his conviction. We review the evidence in the light most favorable to the jury's verdict and ask only whether any rational jury "could have found the essential elements of the crime beyond a reasonable doubt." *United States v. Castano*, 543 F.3d 826, 837 (6th Cir. 2008).

Here, Craft contests only one element: possession of the specific gun named in the indictment—*i.e.*, the Tanfoglio revolver. To prove that element, the government presented testimony from a variety of witnesses, including two detectives and Hallmon. One detective read Craft's statement in which Craft admitted he possessed a gun at the convenience store, and that the gun was under a couch in his uncle's house. Another detective testified that he found the revolver under a couch in that house. Hallmon testified that the Tanfoglio revolver was the same gun Craft had pulled out in the store. Based on this evidence, a reasonable jury could have concluded that Craft possessed the revolver named in the indictment.

Craft contends that Hallmon gave unreliable eyewitness testimony. Specifically, Craft points out that eight months had elapsed from the time Hallmon first saw the gun to when he identified it at trial, and also that Hallmon might not have gotten a good look at the gun because he feared for his life when he first saw it. But the jury—not the court—assesses the credibility of witnesses and decides how much weight to give their testimony. *See United States v. Martinez*, 430 F.3d 317, 330 (6th Cir. 2005). Here, the jury apparently believed Hallmon's testimony that he was "a hundred percent positive" that the Tanfoglio revolver was the same gun Craft had in the store.

Craft also contends that, because a detective knowingly backdated his signature on Craft's written statement, the detective might have altered other things in the statement too. Whether the detective told the truth when he testified about Craft's statement, however, is likewise a question for the jury. *See id.* And in any event Craft fails to identify any inaccuracies in the detective's testimony or the written statement itself, which Craft signed—and initialed on each page—to confirm as "true and correct." Thus his argument is meritless.

The district court's judgment is affirmed.